UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

IN RE: BAYOU SORREL CLASS ACTION  *

* CIVIL ACTION NO. 6:04CV1101

* JUDGE RICHARD T. HAIK, SR.

## MOTION TO RECUSE JUDGE RICHARD T. HAIK AND INCORPORATED MEMORANDUM IN SUPPORT

NOW INTO COURT, through undersigned counsel, come the Objectors Claude I. Duncan, Jocelyn Duncan, and their minor child Courtney Renee Duncan (Duncan Objectors), and Donald J. David, Jr., Tara S. David, and Kim Fowler (David Objectors), who with respect represent the following:

**1.**

Objectors are Class members pursuant to the Settlement Agreement that has received preliminary approval from this Court. Docket No. 19.

**2.**

The Objectors filed a Motion to Intervene, or in the Alternative, Motion for Leave to Intervene, and Notice of Intent to Appear in this proceeding based upon their objections to procedural and substantive issues in the instant matter, as well as in the related case, *Adams, et al. v. EPAC, et al.*, Civil Action No. 99-1998, including objections that this Court has no subject matter jurisdiction over claims arising under the citizen suit provisions of the Acts cited in the Class Action Complaint.

1

The case had already been resolved and the Settlement had already been perfected before this suit was filed. Therefore, the Objectors submit that this Court has no jurisdiction over the Class Action since there was no "case or controversy" existing at the time this suit was filed. This suit was filed specifically in an attempt to create jurisdiction where none previously existed.

### 3.

Because of the Court's involvement in the Settlement negotiations,[1] the Objectors request to question the Hon. Judge Richard T. Haik at the Fairness Hearing regarding the facts of his involvement and participation in the settlement negotiations between the PSC and defense counsel. Because of his role in perfecting the Settlement Agreement before the Complaint in the captioned matter was filed, the Objectors submit that Judge Haik is a necessary fact witness on the following issues, events, and actions:

- A. Judge Haik's response and statements to the PSC regarding the discovery of the five surface impoundments.

- B. Judge Haik's statements and physical gestures to Stephen M. Irving, Esq. on October 27, 2003, regarding the citizen suit notices Irving submitted to the Louisiana Department of Environmental Quality.

- C. Judge Haik's statements made in response to a statement by Ernest L. Edwards, Esq. that Stephen M. Irving had submitted citizen suit notices to the Louisiana Department of Environmental Quality.

- D. Judge Haik's statements to the PSC that if they did not accept a $26 million dollar settlement, he would remand the case. Additionally, Judge Haik's subsequent statement that he would not remand the suit, but would keep the case and potentially make decisions adverse to the PSC on motions pending before him.

- E. Judge Haik's efforts to maintain jurisdiction over the case.

---

[1] *See* Exhibits 1-17, attached.

F.    Judge Haik's statements to the PSC, expressing his opinion of why the case is worth $26 million dollars.

### 4.

The statute concerning disqualification of a Judge provides that a Judge "shall recuse himself in any proceeding in which his impartiality might reasonably be questioned."[2] The statute delineates specific circumstances requiring recusal, such as personal bias or prejudice, financial interest, or where a family member is involved in the controversy:

a.    any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which partiality might reasonably be questioned.

b.    He shall also disqualify himself in the following circumstances:

* * * * * *

(1)    Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

* * * * * *

(5)    He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:

* * * * * *

(iv)    is to the judge's knowledge likely to be a material witness in the proceeding.

### 5.

The Objectors submit that, because of his direct and intimate involvement in the settlement negotiations and related activities, and because he will be a fact witness at the Fairness Hearing concerning these proceedings, Judge Haik has necessarily developed an interest in approving the proposed Settlement. Therefore, he can no longer make impartial decisions regarding the fairness

---

[2] 28 U.S.C. § 455(a).

and adequacy of the proposed Settlement Agreement – an Agreement that the settling parties entered into at Judge Haik's direction and under his close supervision.

**6.**

When a Court considers a recusal motion, the test is whether a reasonable person, who is aware of all the circumstances, would have doubts concerning the impartiality of the particular judge in question.[3] In the captioned matter, there are substantial facts that should cause any reasonable person to question the impartiality of Judge Haik in this matter.

**7.**

This Court did not have subject matter or federal question jurisdiction in the case of *Adams, et al. v. EPAC, et al.*, where this Settlement Agreement originated.[4] Judge Haik was aware of this problem, since several of the defendants initially filed motions to dismiss or remand, and, in their motions, argued that this Court was acting without subject matter jurisdiction.[5]

---

[3] *United States v. Martorano*, 866 F.2d 62, 67 (3d Cir.1989). *Potashnick v. Port City Construction Co.*, 606 F.2d 1101 (5th Cir.), *cert. denied*, 449 U.S. 820, 101 S. Ct. 78 (1980).

[4] The absence of subject matte jurisdiction is fully discussed in the Objectors' "Memorandum in Support of Objections to Proposed Class Action Settlement", at section 1, pg. 9-13.

[5] Chemical Waste Management and Carolina Casualty Insurance Company filed motions to dismiss and/or remand on the grounds that the Court did not have jurisdiction. The following defendants joined in the motions: Interstate Fire and Casualty; Chicago Insurance; National Surety Company; American Insurance Company; Associated Indemnity Corporation; Fireman's Fund Insurance; Carline Tank Service; Charles Hoslton; Science Applicators; Huntsman Petrochemical Corporation; Rubicon; Water Quality Insurance Syndicate; Georgia Gulf Corporation; Pearl River Polymers; Placid Holding Company; Port Allen Marine Services; Valentine Sugars; Settoon Marine, Inc.; Calumet Lubricant Company; Certain Underwriters at Lloyd's. The following defendants filed and/or joined in the defendants' Reply to the plaintiffs' Opposition: Highlands Insurance Company; Degussa-Huls Corporation; Northwestern National Insurance; E. I. DuPont deNemours; First Chemical Corporation; Griffin Corporation of Georgia; Lo-Vac, Inc.

**8.**

But instead of remanding *Adams* (to the Louisiana state court in Lafayette) and *Rineheart* (to the Louisiana state court in Plaquemine), this Court and the Court's appointed counsel (the PSC and certain lead counsel for the defendants) initiated and engaged in settlement discussions, with the Court's close supervision, direction, and participation.

**9.**

The settling parties asked the Court to put parts of the Settlement Agreement "under Court seal"; Judge Haik granted their request. The captioned matter was then filed to create jurisdiction for this Court where none previously existed, and the Settlement Agreement was then transferred from *Adams* to this case, where the parties attempted to create jurisdiction to remedy the inherent problem in *Adams*.

**10.**

By virtue of his hands-on participation, statements, and orders and mandates to the parties and counsel (which resulted in the creation of the Settlement Agreement in the *Adams* case, where the Court did not have jurisdiction), Judge Haik has an interest in seeing this Settlement succeed.

**11.**

Viewed in their most questionable light, the orders issued and signed by Judge Haik suggest that he has already concluded that the Settlement Agreement is fair and reasonable, even though the Fairness Hearing is weeks away, and the settling parties have yet to produce any evidence in support of the Settlement Agreement.

## 12.

WHEREFORE, the Objectors Claude I. Duncan, Jocelyn Duncan, and their minor child Courtney Renee Duncan (Duncan Objectors), and Donald J. David, Jr., Tara S. David, and Kim Fowler (David Objectors), respectfully request that Judge Richard T. Haik be recused from this matter or, alternatively, that he refer this Motion to Recuse to another Judge for a hearing and decision.

Further, the Objectors respectfully request that this Motion to Recuse be heard and ruled on sufficiently in advance of the Fairness Hearing, which is scheduled for August 20, 2004.

Respectfully submitted,

*[signature]*

Richard J. Dodson (LA 4982)
DODSON & HOOKS, APLC
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 756-0222
Fax: (225) 756-0026

*[signature]*

Linda S. Harang (LA 1405)
LAW OFFICES OF LINDA S. HARANG, L.L.C.
5817 Citrus Boulevard, Suite H
Jefferson, Louisiana 70123
Telephone: (504) 734-2486
Fax: (504) 734-2487

_____
Linda S. Harang (LA #405)
LAW OFFICES OF LINDA S. HARANG, L.L.C.
5817 Citrus Boulevard, Suite H
Jefferson, Louisiana 70123
Telephone:   (504)   734-2486
Fax:             (504)   734-2487

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this pleading on Class Counsel, counsel for the Compromising Parties, and the Court Appointed Disbursing Agent by first class U.S. mail, postage prepaid, on this ___2nd___ day of August, 2004.

_____
Richard J. Dodson