UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

IN RE: BAYOU SORREL                          CIVIL ACTION

                                             NO. 6:04 CV 1101

                                             CHIEF JUDGE HAIK

**ORDER AND REASONS**

Before the Court are Intervenor Stephen Irving's Motion for Reconsideration (Rec. Doc. 587) and Motion for Rule 11 Sanctions (Rec. Doc. 588). Having considered the merits of the motions, the Court finds that both motions should be DENIED.

The Court has reviewed the discovery responses produced by the PSC pursuant to the Court's oral order of March 14, 2006. The PSC's responses comply with the Court's order. The first response, evidence which the PSC may present at the hearing on the Motion to Disqualify, is composed largely of documents of public record, and composed entirely of documents that Mr. Irving himself created or with which he was involved. There does not appear any reason that these documents should prompt a need for

discovery.

More importantly, the PSC's second response, identifying confidential information that the PSC believes was improperly released, is exactly as the PSC represented at the hearing on the Motion to Quash. The PSC does not seek disqualification on grounds of false statements made by Mr. Irving, or on any other grounds. The only issues to be decided in resolving the motion to disqualify remain legal ones.

The Court would remind counsel of its determination that at this final stage in the proceedings, where the remainder of the issues revolve around the award of attorneys' fees, access to discovery procedures generally should not extend to the wide-ranging scope of pretrial or merits-based discovery. The commentary to Federal Rule of Civil Procedure 23(h), which addresses the award of attorneys' fees in a class action, reflects this understanding. Interested parties, that is "[a] class member, or a party from whom payment is sought, may object to the motion" for fees. FED. R. CIV. P. 23(h)(2). The Court "may allow an objector discovery relevant to objections". *Id.*, SUPPLEMENTARY NOTE 2003 AMENDMENTS. However, "the burden should be on the objector to justify discovery to obtain further information." *Id*. In the instant case, there is neither a valid objector, nor much in the way of relevant discovery requests. The PSC will use

public records and information known to Mr. Irving to support its motion to disqualify. The arguments that remain are legal ones as to the merits of that motion.

Because the Court finds that the PSC's responses to the Court's discovery order are adequate, the Motion for Rule 11 Sanctions must necessarily fail.

Accordingly,

**IT IS ORDERED** that Intervenor Stephen Irving's Motion for Reconsideration (Rec. Doc. 587) and Motion for Rule 11 Sanctions (Rec. Doc. 588) are **DENIED**.

**IT IS FURTHER ORDERED** that the parties are not to send or fax copies of any further filings or correspondence in this matter to Judge Barbier's chambers, unless they are requested by the Court or are directly related to the Motion to Quash.

New Orleans, Louisiana this the 20th day of March, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE